**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4093**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ADRIAN DEMARCUS PERKINS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:15-cr-00053-RLV-DCK-1)

_____

Submitted: September 29, 2016        Decided: November 2, 2016

_____

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Wm. Grayson Lambert, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Demarcus Perkins appeals the district court's judgment after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. The district court sentenced Perkins at the low end of his Guidelines range to 97 months in prison. Perkins' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether his sentence is substantively unreasonable. Perkins was notified of his right to file a pro se supplemental brief, but he has not done so. We affirm.

We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) (2012) for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, taking into account the totality of the circumstances. Id. We presume that a sentence within or below the Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). This presumption can only be rebutted by showing the sentence is

2

unreasonable when measured against the § 3553(a) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Perkins' sentence is reasonable, and the district court did not abuse its discretion in sentencing him at the low end of his Guidelines range. The district court considered the parties' arguments and made an individualized assessment based on the facts presented, applied relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and adequately explained its sentence. We therefore give due deference to its "reasoned and reasonable decision" that the § 3553(a) factors justified the sentence. See United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (citation and quotation marks omitted).

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED